Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000109
28-FEB-2018
07:47 AM

NO. CAAP-15-0000109

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LCP-MAUI, LLC, Plaintiff-Appellee,
v.
AMANDA D. TUCKER AKA AMANDA DAWN TUCKER AKA
AMANDA D. TUCKER-MEUSE, Defendant-Appellant,
and
UNITED STATES OF AMERICA; DIRECTOR OF TAXATION,
STATE OF HAWAIʻI; VIC ZAPIEN; DUSTIN P. MEUSE,
Defendants-Appellees,
and
DOES 1 THROUGH 20, INCLUSIVE, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0462(3))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Amanda D. Tucker aka Amanda Dawn Tucker aka Amanda D. Tucker-Meuse (**Tucker**) appeals from the following entered by the Circuit Court of the Second Circuit (**circuit court**)[1] on January 29, 2015:

(1) the "Order Granting Plaintiff LCP-Maui, LLC's Motion for Determination of Deficiency Amount, Filed November 12, 2014" (**1/29/15 Order Granting Deficiency Amount**); and

(2) the related Judgment (**1/29/15 Deficiency Judgment**) in favor of LCP-Maui, LLC (**LCP-Maui**).

---

[1] The Honorable Joseph E. Cardoza presided.

On appeal, Tucker contends that the circuit court erred by denying her procedural and substantive due process rights under the Hawai'i State Constitution and the United States Constitution by depriving her of property without an evidentiary hearing to determine the fair market value of her property at the time of the confirmation sale.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Tucker's points of error as follows and affirm as set forth below.

This dispute arises from a judicial foreclosure action in which Tucker appeals from the 1/29/15 Deficiency Judgment.

On November 12, 2014, after the circuit court had entered a foreclosure judgment in its favor, LCP-Maui filed its Motion for Determination of Deficiency Amount (**Deficiency Motion**). On December 3, 2014, Tucker filed her opposition to the Deficiency Motion arguing that LCP-Maui's Deficiency Motion was in violation of due process of law and that an evidentiary hearing should be held to determine fair market value of the subject properties at the time of the sale confirmation. The circuit court subsequently entered the 1/29/15 Order Granting Deficiency Amount and the 1/29/15 Deficiency Judgment in favor of LCP-Maui and against Tucker in the amount of $1,293,835.69.

Tucker asserts in this appeal that the process in Hawai'i for determining deficiency judgments violates her procedural due process rights. Tucker argues that in calculating the deficiency judgment, an evidentiary hearing should have been held to determine the fair market value of the foreclosed properties and such fair market value should have then been used to calculate the applicable deficiency.

In response, LCP-Maui argues that this appeal should be dismissed for lack of jurisdiction because Tucker was required to raise her due process issues in a prior appeal. Specifically, Tucker previously appealed and challenged the circuit court's "Findings of Fact, Conclusions of Law, and Order Granting LCP-Maui, LLC's Renewed Motion for Summary Judgment and For Decree of

Foreclosure" filed on January 29, 2014 (**1/29/14 FOF/COL/Order**), and the related Judgment filed on March 20, 2014 (**3/20/14 Foreclosure Judgment**), which resulted in appellate case CAAP-14-0000513 (**First Appeal**). LCP-Maui, LLC v. Tucker, No. CAAP-14-0000513, 2016 WL 3615281 (Hawaiʻi App. Jun. 30, 2016). In the First Appeal, Tucker raised various issues challenging the foreclosure decree and judgment in favor of LCP-Maui, but did not raise any point of error relating to Tucker's liability for a deficiency judgment or how a deficiency judgment would be calculated. Id. at *1.

However, the 1/29/14 FOF/COL/Order addressed the method by which the deficiency judgment would be determined, specifically in conclusions of law (**COL**) No. 4, which provided:

> LCP-Maui is entitled to a deficiency judgment under the Notes and Mortgages for the difference between the amount owed to LCP-Maui under the Notes and Mortgages, and the foreclosure sale proceeds applied thereto; provided, however, that a deficiency judgment shall not be entered against Defendant Tucker unless and until authorized by the Bankruptcy Court or otherwise permitted under bankruptcy law.

(Emphasis added.) Moreover, the related 3/20/14 Foreclosure Judgment specified that "[t]he provisions of the [1/29/14 FOF/COL/Order], which include a decree of foreclosure, an order of sale, and an adjudication as to the entitlement to a deficiency judgment among other things, are incorporated herein." (Emphasis added.)

As LCP-Maui argues, some case law suggests that in this circumstance, the appeal should be dismissed for lack of appellate jurisdiction. See Security Pacific Mortg. Corp. v. Miller, 71 Haw. 65, 783 P.2d 855 (1989); Citicorp Mortg., Inc. v. Bartolome, 94 Hawaiʻi 422, 16 P.3d 827 (App. 2000). More recently, however, in Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawaiʻi 11, 304 P.3d 1192 (2013), the Hawaiʻi Supreme Court exercised appellate jurisdiction but held in a judicial foreclosure action that challenges to a foreclosure judgment were barred by res judicata where the defendants failed to appeal from the initial foreclosure judgment.

3

In this case, similar to Wise, we exercise appellate jurisdiction but hold that Tucker is precluded from challenging the method of calculating her deficiency judgment. LCP-Maui's right to a deficiency judgment and the method for calculating the deficiency judgment were adjudicated and set forth in the 1/29/14 FOF/COL/Order, and incorporated into the related 3/20/14 Judgment. In the instant appeal, although Tucker timely appealed from the subsequent 1/29/15 Deficiency Judgment, she is only entitled to challenge the errors unique to that 1/29/15 Deficiency Judgment. See Id. at 16, 304 P.3d at 1197; see also Ke Kailani Partners, LLC v. Ke Kailani Dev. LLC, Nos. CAAP-12-0000758 and CAAP-12-0000070, 2016 WL 2941054, at *7 (Haw. App. Apr. 29, 2016) (Mem. Op.), cert. denied, 2016 WL 4651424, at *1 (Haw. Sept. 6, 2016) (holding, *inter alia*, that appellants had waived their challenge to the method used to determine a deficiency judgment by dismissing a prior appeal from a foreclosure order that had set forth the entitlement to a deficiency judgment and the method for determining the amount).

In sum, the 1/29/15 Deficiency Judgment in this case did not adjudicate the method by which the deficiency would be calculated, but rather was incident to the enforcement of the earlier 3/20/14 Foreclosure Judgment. See Wise, 130 Hawai'i at 16, 304 P.3d at 1197.

Therefore, IT IS HEREBY ORDERED that the Judgment, entered on January 29, 2015, in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 28, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
Dan J. O'Meara,
for Defendant-Appellant.

Sharon V. Lovejoy,
Stephanie E.W. Thompson,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4